HENRY R. FISHEL AND JOSEPH D. MARKS, FORMER PARTNERS OF THE FIRM OF FISHEL & MARKS, DISSOLVED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13912. Promulgated November 9, 1928.

*Carmi A. Thompson, Esq., George B. Harris, Esq., Orrville Smith, Esq.,* and *Milton A. Warnes, C. P. A.,* for the petitioners.

*Paul L. Peyton, Esq.,* and *Hugh Brewster, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioners admit that they filed no partnership return for the year 1917. This disposes of its contention that the statute of limitations has run against its tax liability for such year. The waiver introduced in evidence was executed by the officers of the corporation and therefore has no relation to the statute of limitations against the tax liability of the partnership. Since the evidence discloses that the partnership has never filed a return for the period from January 1 to December 24, 1917, there is no defense against the respondent's motion that we add 50 per cent thereof to any tax liability determined for the period here involved on account of neglect to file the return required by law, and since it is admitted that no partnership return was filed, such motion is granted. The Commissioner, on recomputation, should impose and collect such penalty.

The second issue is solely a question of fact. The Commissioner has subtracted the amount of $131,522.16, representing the alleged value of yard purchases in transit at January 1, 1917, from the reported amount of the petitioners' opening inventory for the taxable period. The effect of such action was to increase the petitioners'

gross income and reduce their earned surplus, if any, for invested capital purposes for the period involved by such amount. Our function here is to determine whether the petitioners have adduced sufficient evidence to overcome the presumption that the determination of the Commissioner was correct.

The petitioners allege that all the books, accounts and records of the business for the year in question have been lost. Several witnesses testified that frequent and prolonged searches have been made and that none of the missing books or papers have ever been found. On this showing oral evidence in proof of the value of the yard purchases in transit at January 1, 1917, was received at the hearing. There is no controversy over the value of the inventory of material in stock at January 1, 1917, or of any part of the closing inventory of such year. We, therefore, limit our discussion to the evidence offered to support the valuation of the " yard purchase " inventory in transit which was included in the opening inventory for the taxable period in the amount above set forth.

Joseph D. Marks, one of the partners, testified that there was always a large quantity of scrap iron and steel in transit but not sold; that this was because the yards of the company were so small that there was no room for further storage of merchandise; that railroad cars were therefore used by the company for warehousing purposes; that whenever possible deliveries to customers were made from railroad cars which had never been unloaded; and that all such scrap was included in " yard purchases " inventory. Marks also testified that to his own personal knowledge there was approximately the same amount of scrap iron and steel in transit at all times and including the beginning and the end of the taxable year. He testified further that the amount of yard purchases at the beginning of the taxable year was ascertained by totaling the invoices that had been received for scrap iron and steel, then in transit. A. S. Fishel and H. R. Fishel testified to the same effect. The respondent offered no evidence in rebuttal.

Consideration of the evidence convinces us that the petitioners' inventory of scrap iron and steel, designated as " yard purchases," in transit at January 1, 1917, was taken at cost and that the valuation thereof was $131,522.16. The Commissioner erroneously deducted this amount from the cost of goods purchased and from the determination of earned surplus in his computation of the invested capital of the partnership. Cf. *Sprague Tire & Rubber Co.*, 11 B. T. A. 610.

Having determined the issues of fact herein favorably to the petitioner, it is unnecessary to decide the question of special assessment.

*Decision will be entered under Rule 50.*